UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN F. JOHNSON,

    Petitioner,

v.

RANDY PFISTER, Warden,

    Respondent.

No. 16 CV 5319

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

John Johnson is serving a 34-year sentence in state custody for the solicitation of murder. While housed in the DuPage County Jail, Johnson asked another inmate, Curtis Washington, to find a hitman to shoot Johnson's ex-wife twice in the head, in exchange for $1,500. *People v. Johnson*, 2012 IL App (2d) 101025-U (2d Dist. 2012); [18-1] at 2–3; *People v. Johnson*, 2015 IL App (2d) 130165-U (2d Dist. 2015); [18-3] at 1.[1] After an investigation that included recorded conversations, Johnson was charged with solicitation of murder, he represented himself at trial, a jury found him guilty, and after pursuing appeals and post-conviction proceedings in state court, Johnson now petitions for a writ of habeas corpus. 28 U.S.C. § 2254.

---

[1] Bracketed numbers refer to entries on the district court docket. The cited page numbers are from the CM/ECF header placed at the top of electronically filed documents. All facts concerning the trial and appeal are taken from the Illinois Appellate Court's rulings on petitioner's direct appeal and his appeal from the denial of his post-conviction petition; that court's account of the facts is presumed to be correct. *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012).

Instead of finding a hitman, Washington spoke to Detective Harris of the DuPage County sheriff's office. Harris then applied for a state-court order to authorize the recording of conversations between Washington and Johnson. Washington consented to the recording, and a state-court judge issued the order. The court issued a second order authorizing the recording of conversations between Johnson and an undercover detective who posed as the hitman. The police staged a photo of the ex-wife depicting her bound and laying in a wooded area. The undercover detective showed the photo to Johnson, to confirm that the murder had taken place. In addition to recording Johnson's conversations with Washington and the hitman, detectives later recorded their interrogation of Johnson. Johnson invoked his right to counsel during the interrogation, and so the trial court suppressed those statements made after invocation of the right to counsel.

Johnson represented himself at trial, with an attorney appointed as standby counsel. Washington testified that Johnson asked Washington to find someone to murder the ex-wife, and gave Washington a slip of paper with the ex-wife's address on it. The prosecution played recorded conversations between Washington and Johnson and between Johnson and the undercover detective. The undercover detective testified about showing Johnson the staged photo of the victim.

Johnson testified in his own defense, admitted that he said "some terrible, some horrible things" to Washington, but disclaimed any intent to have his ex-wife killed. [18-1] at 17. He said he was just venting. The trial court permitted the prosecution, in its rebuttal case, to play excerpts of Johnson's videotaped

2

interrogation—including parts that had been suppressed based on the violation of Johnson's right to counsel—to impeach Johnson's trial testimony. Johnson did not object. The jury found Johnson guilty, and the trial court sentenced him to 34 years in prison.

Johnson unsuccessfully challenged his conviction through the state courts. Federal review of these state-court decisions is limited.[2] With respect to a state court's determination of an issue on the merits, habeas relief can be granted only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). Claims that do not raise a question of federal law are not cognizable in a federal habeas petition. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

"When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (citing *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)); *see also Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). Claims resolved on an independent and adequate state-law ground are considered procedurally defaulted, and procedural default can be excused only if the petitioner can show both cause for and prejudice

---

[2] The respondent does not dispute that petitioner has pursued all available state-court remedies and that his § 2254 petition is timely.

from the default or can demonstrate that the failure to consider the claim would result in a fundamental miscarriage of justice. *Richardson*, 745 F.3d at 268, 272. A habeas petitioner must also assert his federal claim at each level of state-court review, or else that claim is procedurally defaulted. *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016).

Johnson appealed his conviction, and raised two issues relevant here: (1) that the eavesdropping orders were illegal; and (2) the use of his suppressed statements to impeach him was improper. The state appellate court found no error in the eavesdropping orders, and held that Johnson forfeited his impeachment issue by failing to object at trial. The court also found that the uncounseled statements were properly admitted for impeachment because they were inconsistent with Johnson's trial testimony. The Illinois Supreme Court denied review.

After his direct appeals, Johnson filed a petition for relief from judgment and argued that the grand jury that indicted him was not properly empaneled and sworn; the trial court dismissed the petition as without merit because it found that the grand jury was empaneled and sworn. [18-6]. Johnson next filed a post-conviction petition. He raised the same claims as in his direct appeal, and again claimed the grand jury was not properly empaneled. [18-16] at 33, 48, 53. He argued that the prosecution knowingly presented perjured testimony from Washington and that he was entrapped. [18-16] at 72, 45. He also argued that his appellate counsel was ineffective for not raising the grand-jury claim. [18-16] at 69. The court

dismissed the petition as frivolous and patently without merit. [18-2]. Johnson appealed.

The appellate court found that Johnson's claims concerning the recordings and his impeachment were adjudicated on direct appeal and could not be revisited. [18-3] at 3–4. It held that Johnson could not raise his entrapment claim in a post-conviction petition because he did not raise it at trial (in fact, he affirmatively said he was not arguing entrapment) or on direct appeal. [18-3] at 4. It rejected the grand-jury claim because documents in the record "establish that the grand jury that indicted defendant was properly sworn and impaneled." [18-3] at 5. Because the grand-jury issue had no merit, the appellate court found that Johnson's appellate lawyer was not ineffective. [18-3] at 5. Illinois law requires that a post-conviction petition include affidavits or evidence supporting its allegations. 725 ILCS 5/122-2. The appellate court held that Johnson's failure to comply with this requirement for his perjury claim justified its dismissal. [18-3] at 5–6. It also found that Washington's purported post-trial statement was not a recantation of his trial testimony and did not support a claim that Washington committed perjury at trial. [18-3] at 6. The Illinois Supreme Court denied Johnson's petition for leave to appeal.

In his federal habeas petition, Johnson says the recordings used against him at trial should have been suppressed under the federal constitution. This is not the claim he made on direct appeal. Johnson cited *Illinois v. Gates*, 462 U.S. 213 (1983), in his direct appeal, but he was not asserting a violation of the Fourth Amendment

5

with respect to the eavesdropping orders. He made an analogy with respect to *Illinois v. Gates*, but explicitly disavowed a Fourth Amendment claim because there was no Fourth Amendment issue—the eavesdropping was done with one party's consent and no invasion of a federally recognized expectation of privacy occurred. *See* [18-4] at 11 (Johnson's petition acknowledging that the Fourth Amendment is not implicated when one party consents to interception); [18-7] at 36. Procedural default blocks the review of any federal-law argument to suppress the recordings, and Johnson asserts no excuse for failing to present the claim to the state courts in the first instance.

Johnson argues that the use of his confession for impeachment purposes violated the constitution. But the state court resolved this claim on the ground that Johnson failed to object to the evidence at trial. That is an independent and adequate state-law ground; the claim is procedurally defaulted for federal habeas review. *Richardson*, 745 F.3d at 268–69. Moreover, the state appellate court alternatively addressed the merits of Johnson's impeachment claim and did so consistently with federal law. The appellate court held that the suppressed statements were inconsistent with Johnson's trial testimony and could be used to impeach him. This was a reasonable application of United States Supreme Court precedent. *Michigan v. Harvey*, 494 U.S. 344, 350–51 (1990) (citing *Harris v. New York*, 401 U.S. 222 (1971); *Oregon v. Hass*, 420 U.S. 714 (1975)); *see* [18-1] at 20 (citing *Harris*, 401 U.S. at 225–26; *Hass*, 420 U.S. at 721–23).

Johnson's claim that the grand jury was not properly empaneled is not a viable claim. There is no federal right to a grand jury in state prosecutions. *Hurtado v. People of State of Cal.*, 110 U.S. 516, 534–35 (1884); *Bae v. Peters*, 950 F.2d 469, 478–79 (7th Cir. 1991); *Ashburn v. Korte*, 761 F.3d 741, 758 (7th Cir. 2014). The record demonstrates that Johnson well knew the nature of charges against him—whether or not the grand jury was empaneled as required by state law—and in representing himself at trial, Johnson had a fair opportunity to defend himself. There was no federal due process violation in initiating the prosecution.

Johnson failed to submit an affidavit or evidence of Washington's perjury with his post-conviction petition, and for that reason, the state courts rejected the perjury claim. Failing to comply with Illinois's affidavit rule leads to procedural default on federal habeas review. *Thompkins v. Pfister*, 698 F.3d 976, 986–87 (7th Cir. 2012). In addition, the state appellate court concluded that Johnson's proffer concerning Washington's recantation did not indicate that Washington committed perjury. There was no basis for a claim under *Napue v. Illinois*, 360 U.S. 264, 269–70 (1959), if the prosecution's case did not include perjured testimony. The state court reasonably concluded that there was no support for a *Napue* claim, and therefore, federal habeas relief is not available. *Ashburn*, 761 F.3d at 758–59.

Johnson's claims concerning the ineffectiveness of his standby and appellate counsel fare no better. Johnson argues that his standby counsel failed to advise him to press an entrapment defense and to submit certain jury instructions. But Johnson represented himself at trial; the strategic choices, including his express

7

disclaimer of the entrapment defense, were his and his alone. There is no right to standby counsel, and no constitutional right to effective assistance of standby counsel. *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006). Johnson cannot pursue a federal habeas claim with respect to his standby counsel.

In evaluating the effectiveness of appellate counsel, the state court cited and applied the standard from *Strickland v. Washington*, 466 U.S. 688 (1984). [18-3] at 5. A federal court can grant relief under § 2254 only if the state court's application of federal law was unreasonable, and that highly deferential review is "doubly so" when paired with *Strickland*. *Harrington*, 562 U.S. at 105. Here, the state court concluded that the record established the propriety of the indictment, so there was no claim for appellate counsel to assert. The appellate court said it would have been futile for appellate counsel to raise the grand-jury claim, and therefore, counsel did not provide ineffective assistance. [18-3] at 5. This was a perfectly reasonable application of *Strickland*. Johnson argued (and argues in his federal petition) that his counsel should have done a better job developing the argument. But the appellate court's factual determination that the grand jury was properly empaneled was not an unreasonable determination of the facts in the record, even in light of Johnson's proffer of evidence that there was some defect in the proceedings. Johnson's indictment is signed by the foreman, and says the grand jurors were chosen, selected, and sworn. [1] at 68. The state court reasonably rejected the ineffective assistance of counsel claim.[3]

---

[3] Johnson now includes other complaints about his appellate counsel, but his brief on appeal from the denial of his post-conviction petition limited the ineffective assistance of

8

A certificate of appealability may issue only if Johnson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Johnson must show that reasonable jurists could debate whether the petition "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotation omitted). Johnson has not made the requisite showing. Most of his issues are barred from federal review and these procedural barriers are not reasonably debatable. In addition, the outcome of the doubly deferential review of his ineffective assistance of counsel claim is not reasonably debatable. I decline to issue a certificate of appealability.

The petition for a writ of habeas corpus is denied, and no certificate of appealability shall issue. The clerk shall enter judgment in favor of the respondent.

ENTER:

                                                                                  Manish S. Shah
                                                                                  United States District Judge

Date: 2-21-2017

---

counsel argument to the grand-jury claim. [18-11] at 31–32. Any other grounds to challenge his appellate counsel's effectiveness have been defaulted because Johnson did not raise them in his state-court post-conviction petition appeal when he had the opportunity to do so. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (a claim of ineffective assistance must be presented to the state courts as an independent claim).